# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 12, 2008

Charles R. Fulbruge III
Clerk

No. 08-30153
Summary Calendar

DAVID BRATTON

Plaintiff-Appellant

v.

SCHLUMBERGER TECHNOLOGY CORPORATION PENSION PLAN

Defendant-Appellee.

Appeal from the United States District Court for the
Western District of Louisiana, Lafayette
Case No. 6:06-CV-1747

Before JONES, Chief Judge, and STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff David Bratton appeals the summary judgment in favor of Defendant Schlumberger Technology Corporation Pension Plan. Bratton argues that he has established genuine issues of material fact for each element of his ERISA estoppel claim. We affirm.

As an employee of Schlumberger Technology Corporation, David Bratton participated in the Pension Plan. Bratton was terminated on February 4, 1999,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and began receiving pension benefits in November 1999. Bratton sued Schlumberger in October 2000 and settled on confidential terms in October 2001. Schlumberger reinstated Bratton on November 1, 2001. During the period between his termination and reinstatement, Bratton received $40,098.25 in pension payments from the Plan. When he retired from Schlumberger and began receiving pension payments from the plan in February 2007, his benefits were reduced because of the earlier payments.

Bratton sued the Plan, arguing that estoppel prevents this reduction because he relied upon the Plan's statements that his benefits would not be reduced. Bratton asserts that he relied upon statements in the Summary Plan Description[1] and the Schlumberger Automated Benefits Link ("SABL"), an electronic benefits information system, in settling his 2001 lawsuit. The district court granted the Defendant's motion for summary judgment. Bratton appeals.

We review a grant of summary judgment de novo, applying the same standards as the district court. Kirschbaum v. Reliant Energy, Inc., 526 F.3d 243, 248 (5th Cir. 2008). Summary judgment is proper when the movant can demonstrate that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. Id.; Fed R. Civ. P. 56(c). On review of a grant of summary judgment, all facts and inferences must be construed in the light most favorable to the non-movant. Kirschbaum, 526 F.3d at 248.

To establish an ERISA estoppel claim, a plaintiff must prove: (1) a material misrepresentation, (2) reasonable and detrimental reliance upon the misrepresentation, and (3) extraordinary circumstances. Mello v. Sara Lee Corp., 431 F.3d 440, 444–45 (5th Cir. 2005); see also Nichols v. Alcatel USA, Inc., 532 F.3d 364, 374 (5th Cir. 2008); High v. E-Systems, Inc., 459 F.3d 573, 579 (5th

---

[1] Bratton argues that his reliance upon the SABL statements was reasonable because the Summary Plan Disclosure stated, "You can find information on the Pension Plan (including your accrued pension benefit) 24 hours a day, seven days a week on SABL . . . ."

Cir. 2006). Because ERISA estoppel poses a legal theory and not interpretation of the plan's terms, this Court reviews the Administrative Committee's decision to reduce benefits de novo. Mello, 431 F.3d at 444.

This discussion is limited to whether Bratton reasonably and detrimentally relied upon the SABL statements in settling his lawsuit. Bratton introduced no evidence that he accessed SABL in the period between his termination and reinstatement, when he decided to settle his suit. Bratton did not submit any printouts of SABL statements dated before the settlement, and his affidavit does not assert that he used the system during this period.

In an affidavit, Suzanna Newell, the Administrative Support Manager for the Plan for the past twelve years, stated, "An active employee's pension benefit estimate first became available on SABL as of February 1, 2002. Before that date, individual pension benefit estimates were not available on SABL." She further explained that only active employees can obtain this information through SABL—Bratton was inactive between his termination and reinstatement. In light of Newell's affidavit, Bratton's conclusory assertions, "I periodically downloaded SABL's statements of my accrued pension balances both before and after my settlement of my lawsuit" and "In reliance upon . . . SABL's statement of my accrued pension balance, I settled my lawsuit," do not establish a genuine issue of material fact. See Roberts v. Cardinal Servs., Inc., 266 F.3d 368, 376 n.33 (5th Cir. 2001) ("[C]onclusory statements in an affidavit do not provide facts that will counter summary judgment evidence . . . .") (internal citation omitted).

Even if a genuine issue of material fact existed as to whether Bratton accessed SABL in the period between his termination and settlement, no issue exists as to whether that reliance was reasonable. See Mello, 431 F.3d at 447 (finding reliance unreasonable). The SABL statements submitted by Bratton clearly state, "This is only an estimate and is not a guarantee of a benefit. Your personal data in SABL is taken from many different sources and is subject to

correction." If Bratton intended that the settlement have a particular effect on his pension benefits, then he was unreasonable unilaterally to rely upon an informal estimate of pension benefits instead of negotiating for this result.

Bratton asserts that in settling, he intended that his later retirement benefits would not be reduced by the benefits received during this period, effectively allowing him to receive the same benefits twice. Even if Bratton had gained access to the SABL estimates, it was unreasonable for him to assume this outcome, rather than negotiating for it as part of the settlement. This assumption is particularly unreasonable in light of the Plan's terms: "Any distribution . . . shall, to the extent of any such distribution, fully release and discharge the Trustee, the Administrator and the Employer from any and all claims of the Participant." While this provision does not prevent Bratton from pursuing an ERISA estoppel claim, it does mean that Bratton was unreasonable in his belief that he could collect the same benefits twice.

Because no genuine issues of material fact exist as to whether Bratton reasonably and detrimentally relied upon the SABL statements, the district court's grant of summary judgment in favor of the Plan is AFFIRMED.